UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD E. LANE,
Inmate No. 00072392
    Plaintiff,

vs.                                        Case No.: 3:21cv934/LAC/EMT

VARO BANK, NA,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon review of the complaint, it is plain Plaintiff has wholly failed to state a claim upon which relief can be granted and that the deficiencies in Plaintiff's complaint cannot be cured by amendment. *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim

upon which relief can be granted even if the plaintiff never seeks leave to amend") (internal marks omitted). The undersigned thus recommends that the case be dismissed as frivolous.

I. BACKGROUND

Plaintiff filed a civil rights complaint naming as the sole defendant Varo Bank, N.A., of Drape, Utah (*id.* at 1–2). It appears Plaintiff's complaint stems from a financial dispute with Defendant, which apparently issued him a debit card (*id.* at 7). Plaintiff alleges Defendant violated his civil rights by failing to respond to numerous requests regarding his account, including one asking that the balance of his debit card be transferred to his inmate account at the Okaloosa County Department of Corrections (*id.* at 8). As relief, Plaintiff seeks transfer of the requested funds to his inmate account (*id.*).

II. DISCUSSION

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief [.]" *Id.* "The Supreme Court has explained that a claim for relief must contain sufficient factual allegations to cross 'the line between possibility and plausibility.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557(2007)). "That is, although the district court is bound to 'accept as true all of the allegations contained in a complaint,' this is limited by the rule that 'only a complaint that states a plausible claim for relief survives a motion to dismiss.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

"Related to this is the rule that a district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Id.* (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims sua sponte). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (noting "a case is frivolous for section 1915(d) [now 28 U.S.C. § 1915(e)(2)(B)(i)] when it appears the plaintiff has little or no chance of success") (internal marks omitted). In this instance, it is clear Plaintiff has failed to plead an actionable claim.

In order to prevail on a § 1983 claim, a plaintiff must establish two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Plaintiff has failed to allege facts to establish either element of a § 1983 claim. As indicated above, as the sole defendant, Plaintiff named Varo Bank, N.A., which is not a "person" subject to suit under § 1983. *See, e.g., Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). And Plaintiff has not alleged facts even arguably giving rise to a violation of the United States Constitution or any other federal law. Plaintiff thus has wholly failed to state a viable § 1983 claim.

To the extent Plaintiff seeks to assert any claim other than under § 1983, Plaintiff has failed to plead facts showing this court has an independent basis for the assertion of subject matter jurisdiction over such claim. "It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.2d 405, 409 (11th Cir. 1999). "They are empowered to hear only those cases within the judicial power of the United States as defined by

Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Id.* (internal marks omitted). "Congress, however, may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." *Id.* (internal marks omitted). "And because the Constitution unambiguously confers this jurisdictional power to the sound discretion of Congress, federal courts should proceed with caution in construing constitutional and statutory provisions dealing with [their] jurisdiction." *Id.* (internal marks omitted).

"Accordingly, [w]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id.* (internal marks omitted). "Indeed, such an action unconstitutionally invades the powers reserved to the states to determine controversies in their own courts, as well as "offends fundamental principles of separation of powers." *Id.* at 409–10 (internal marks and citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410. "As the Supreme Court long ago held in *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L. Ed. 264 (1868), '[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law,

and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Id.*

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case . . . and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them." *Id.* (internal marks omitted).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Federal Constitution or laws." *Id.* "[He] invokes § 1332 jurisdiction when [he] presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (citing § 1332(a)).

Case No.: 3:21cv197/MCR/EMT

Here, as set forth above, Plaintiff invokes federal-question jurisdiction under § 1331—a civil rights claim pursuant to § 1983. Plaintiff, however, has not pled facts even arguably giving rise to a viable § 1983 claim. *See Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir.1998) ("[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous.") (internal marks and citations omitted). Likewise, construing Plaintiff's claims liberally, as this court must, Plaintiff has failed to invoke jurisdiction under § 1332, because he has not alleged—nor do the allegations of his complaint even remotely suggest—that the amount in controversy exceeds $75,000. "To invoke [§ 1332], a party must demonstrate diverse citizenship and a claim exceeding $75,000." *Arbaugh*, 546 U.S. at 513.

III.   CONCLUSION

"A district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In this instance, as set forth above, Plaintiff has failed to allege facts even arguably giving rise to a viable § 1983 claim, and he cannot cure the deficiency by filing an amended

complaint. *See, e.g., Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("We have recognized that district courts have the inherent power to sua sponte dismiss frivolous lawsuits without giving notice to the parties."). Additionally, having liberally construed Plaintiff's claims, it is clear Plaintiff has failed to assert facts giving rise to diversity jurisdiction under 28 U.S.C. § 1332. Thus, dismissal of Plaintiff's complaint without prejudice is warranted to the extent Plaintiff intended to assert a claim based on diversity jurisdiction.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's complaint be **DISMISSED without prejudice** for failure to allege sufficient facts to establish federal jurisdiction.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 20th day of August 2021.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:21cv197/MCR/EMT